948 F.2d 1289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Floyd J. HULL, Petitioner-Appellant,
v.
Phillip PARKER; Grafton Correctional Camp, Respondents-Appellees.
 No. 91-3644.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1991.
 
 Before MERRITT, Chief Judge; RALPH B. GUY, Jr., Circuit Judge, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Floyd Hull, an Ohio pro se prisoner, appeals the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, Hull was convicted of rape, kidnapping and felonious assault for which he was sentenced to a term of incarceration of ten to twenty-five years.
 
 
 3
 Represented by new counsel on his direct appeal, Hull raised three errors, two of which are relevant to this habeas corpus proceeding. He raised an ineffective assistance of counsel claim naming numerous instances where his counsel erred during the trial. However, none of these claimed errors pertains to the trial counsel's failure to object to the prosecution's use of peremptory challenges to exclude blacks from serving on the jury. He also raised an Equal Protection claim, alleging that he was denied his right to a fair trial because the prosecution excluded blacks from serving on the jury. The Ohio Court of Appeals affirmed his conviction and the Ohio Supreme Court denied leave to appeal.
 
 
 4
 Petitioner then filed a motion for post-conviction relief in the Ohio Court of Common Pleas which held that his two claims (including ineffective assistance of counsel and denial of his right to a fair trial due to blacks being excluded as jurors) were barred by principles of res judicata. Upon appeal, the Ohio Court of appeals found that res judicata barred consideration of Hull's claims. The Ohio Supreme Court denied leave to appeal.
 
 
 5
 Thereafter, Hull filed a habeas corpus action in the federal district court only raising one claim for relief. He alleged that his trial counsel was ineffective because of his failure to object to the prosecution's use of peremptory challenges to exclude blacks from serving on the jury. The magistrate judge recommended dismissing his petition. After de novo review in light of petitioner's objections, the district court adopted the magistrate judge's recommendation and dismissed the petition.
 
 
 6
 On appeal, Hull raises only one ground for habeas relief, that he was denied assistance of counsel because of his trial attorney's failure to object to the prosecution's use of peremptory challenges to exclude blacks form serving on the jury.
 
 
 7
 Upon consideration of the issues and of the record, we AFFIRM the judgment of the district court for the reasons set forth in its July 7, 1991 opinion and order and based upon the magistrate judge's analysis. Rule 9(b)(3), Rules of the Sixth Circuit.